IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEIRDRE MORRIS,

          Plaintiff,

v.

FEDERAL RESERVE BANK OF SAN FRANCISCO, et al.,

          Defendants.

NO. C08-4981 TEH

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on a motion for summary judgment brought by Defendants Federal Reserve Bank of San Francisco ("San Francisco Fed"), Warren Howard, Robin Kan, and Ann Marie Kholligian.[1] After carefully considering the parties' papers, the Court has determined that oral argument is unnecessary and hereby VACATES the hearing and case management conference scheduled for February 8, 2010. For the reasons discussed below, Defendants' motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Plaintiff Deirdre Morris worked for the San Francisco Fed in a variety of capacities for twenty-seven years. She alleges that she was informed of her termination for falsification of documents, fraud, dishonesty, and misconduct on December 14, 2007. Her termination as of January 1, 2008, was ratified by the San Francisco Fed's Board of Directors during their February 28, 2008 meeting.

Morris contends that the purported reasons for her termination were a pretext for age discrimination, and she brings six causes of action against Defendants: (1) breach of contract,

---

[1] The Court uses the spelling of Ms. Kholligian's name used by Defendants, rather than the name, "Anne Marie Kholigian," that appears in the complaint.

1  (2) breach of the covenant of good faith and fair dealing, (3) violation of the California Fair
2  Employment and Housing Act ("FEHA"), (4) violation of the federal Age Discrimination in
3  Employment Act ("ADEA"), (5) intentional infliction of emotional distress, and
4  (6) defamation. All claims are brought against the San Francisco Fed, and the latter two
5  claims are also brought against the individual defendants.

6  A material dispute exists over the cause of Morris's termination, but those facts are
7  not at issue here; indeed, it appears that the parties have done no discovery on the underlying
8  facts. Instead, Defendants now challenge only the validity of Morris's state common law
9  claims – claims 1, 2, 5, and $6^2$ – on grounds that these claims are preempted by the Federal
10 Reserve Act, 12 U.S.C. § 341 (Fifth).

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The court may not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party. *Id.* at 255.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985 (9th Cir. 2007).

---

[2] Although Defendants' moving papers also sought summary judgment on Morris's third claim for violation of FEHA, Defendants explained on reply that this was a typographical error and that they are not seeking summary judgment on that claim.

2

However, on an issue for which its opponent will have the burden of proof at trial, the moving party can prevail merely by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden, the opposing party must then "set out specific facts showing a genuine issue for trial" to defeat the motion. Fed. R. Civ. P. 56(e)(2); *Anderson*, 477 U.S. at 250.

**DISCUSSION**

This Court first rejects Morris's contention that further discovery is necessary before adjudicating Defendants' motion. Except as discussed below on Morris's defamation claim, the issues decided in this order do not depend on any factual disputes, material or otherwise, and no additional discovery is warranted. In addition, as Defendants correctly observe, Morris merely argued that she needed further discovery in her opposition brief and failed to follow the procedure for requesting additional discovery under Federal Rule of Civil Procedure 56(f). Under that rule, a party seeking additional discovery to oppose summary judgment "must file an affidavit specifying the facts that would be developed through further discovery." *Baker v. Adventist Health, Inc.*, 260 F.3d 987, 996 (9th Cir. 2001). Failure to comply with these requirements is "a proper ground for denying discovery and proceeding to summary judgment," which the Court now does. *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986).

As a Federal Reserve bank, the San Francisco Fed has the power "[t]o appoint by its board of directors a president, vice presidents, and such officers and employees as are not otherwise provided for in this chapter . . . and to dismiss at pleasure such officers or employees." 12 U.S.C. § 341 (Fifth). This "dismiss at pleasure" provision preempts wrongful termination claims under state law. *Bollow v. Fed. Reserve Bank of San Francisco*, 650 F.2d 1093, 1098 (9th Cir. 1981) ("no process or tenure rights are conferred on reserve bank employees" by § 341 (Fifth)). Although *Bollow* concerned contract claims, the Ninth Circuit subsequently explained, when construing an analogous "dismiss at pleasure"

1 provision under the National Bank Act, 12 U.S.C. § 24 (Fifth), that "it would make little
2 sense to allow state tort claims to proceed, where a former bank officer's contract claims are
3 barred." *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 526 (9th Cir. 1989). Thus, under the
4 law of the Ninth Circuit, § 341 (Fifth) preempts both state law contract and tort claims. *See
5 also Diniz v. Fed. Reserve Bank of San Francisco*, Case No. C03-5112 JSW, 2004 WL
6 2043127, at *1-2 (N.D. Cal. Sept. 13, 2004) (holding that all state law claims "aris[ing] out
7 of Plaintiff's employment relationship with the [San Francisco] Fed and its decision to
8 terminate him" were preempted by § 341 (Fifth)).[3]

9      Morris does not dispute the preemptive nature of § 341 (Fifth) and instead asserts that
10 the provision does not apply to her because she was not "such" an employee appointed by the
11 board of directors. Although Morris is correct that "such" does not necessarily mean "all,"
12 this Court agrees with Defendants that, when read in context, "such officers and employees"
13 in § 341 (Fifth) refers to all employees. Morris has not, for example, pointed the Court to
14 any "employees" who are "otherwise provided for in this chapter."

15      Moreover, Morris has failed to persuade the Court that *Bollow* is materially
16 distinguishable from this case. In *Bollow*, the Ninth Circuit explicitly held that the president
17 of the San Francisco Fed would exceed "the bounds of his authority" under § 341 if he tried
18 to enter into a contract guaranteeing employment security, and that such a contract would
19 therefore be void and unenforceable against the bank. *Bollow*, 650 F.2d at 1099-1100. The
20 Ninth Circuit made clear that § 341 (Fifth) barred not only employment contracts made by
21 the board of directors, but also any contracts made by bank officers: "(T)he United States is
22 neither bound nor estopped by acts of its officers or agents in entering into an arrangement or
23 agreement to do or cause to do what the law does not sanction or permit." *Id.* at 1099
24 (quoting *Utah Power & Light Co. v. United States*, 243 U.S. 389, 409 (1917)). The court
25 made no mention of requiring appointment or termination by the Board. Indeed, the facts in
26 *Bollow* were even less favorable to the San Francisco Fed because the Board "was neither

---

[3]The *Diniz* court held that § 341 (Fifth) preempts both state common law claims and claims under FEHA. Defendants here do not challenge Morris's FEHA claim, and this Court makes no determination on the viability of such a claim at this time.

4

legally nor factually implicated in the Bank's decision to terminate Bollow," *id.* at 1103, whereas the Board explicitly ratified Morris's termination. Even if some action by the Board were required to invoke the "dismiss at pleasure" provision of § 341 (Fifth), the ratification of Morris's termination would satisfy that requirement. It is true that the Board never explicitly ratified Morris's appointment; however, Morris concedes that she was an employee of the San Francisco Fed – indeed, that is the entire premise of her lawsuit – and the Board would have no reason to ratify termination of an individual whom it did not consider to be an employee. In light of all of the above, the Court concludes that § 341 (Fifth) applies to Morris's employment and preempts her state common law claims based on alleged wrongful termination, including her claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

Morris's claim for intentional infliction of emotional distress is also barred: In interpreting an analogous "dismiss at pleasure" provision in the Federal Home Loan Bank Act, 12 U.S.C. § 1432(a), the Ninth Circuit explained that it did "not think that the statutory power to dismiss at pleasure necessarily preempts claims based on an employer's wrongful act directed at the employee outside of the employment relationship." *Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.3d 1575, 1582 (9th Cir. 1996). However, where "the conduct complained of relates solely to the employment relationship" or "defendants' management of the employment relationship," a claim for emotional distress is precluded. *Id.* Here, Morris's emotional distress claim merely "incorporates by reference all the allegations contained in the General Allegations and the First through Fourth Counts of the complaint." Compl. ¶ 60. All of these allegations concern acts alleged to have occurred in connection with Morris's termination, and her claim for emotional distress is therefore precluded by § 341 (Fifth).

Whether Morris's defamation claim is similarly precluded is a closer question. While no model of clarity, the complaint does allege that:

> From approximately December 2007 through the present date, Defendants caused to be published various false and

> nonprivileged communications directly tending to injure Plaintiff in her career and personal reputation, including but not limited to claims of falsification, violation of employer's policies and fraud.

Compl. ¶ 65. It is therefore not clear whether Morris's defamation claim rests solely on statements made in connection with her termination and should therefore be precluded by § 341 (Fifth), or whether her defamation claim should be allowed to proceed. *See, e.g., Bollow*, 650 F.2d at 1102 (analyzing defamation claim on the merits rather than as preempted by the "dismiss at pleasure" provision); *Walleri*, 83 F.3d at 1582-83 (same). Because Morris bears the burden of proof, she would ordinarily need to come forth with specific evidence concerning these communications to defeat summary judgment. However, given the unique procedural posture of this case, where Defendants have moved for summary judgment on preemption grounds and it appears that no discovery has been done concerning the complaint's factual allegations, this Court finds it prudent to deny summary judgment without prejudice to a subsequent motion, if appropriate, following additional discovery.

**CONCLUSION**

For the above reasons, Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to Morris's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. The motion is DENIED, without prejudice to bringing a subsequent motion, as to Morris's claim for defamation.

IT IS FURTHER ORDERED that the parties shall appear for a further case management conference on **April 12, 2010, at 1:30 PM.** The parties shall meet and confer and file a joint case management conference statement on or before **April 5, 2010.**

**IT IS SO ORDERED.**

Dated: 02/03/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT